Abraham N. Geller, J.
Plaintiff moves for summary judgment. The first cause of action is upon an award and the second cause is in fraud.
*769 Plaintiff is one of the States of the Federal Republic of Germany. Defendant, a victim of Nazi persecution, made application for an award of indemnification. Such an award was made. Defendant thus invoked the jurisdiction of the tribunal set up for the purpose together with its consequences, including an award revoking a prior award for fraud.
It is on the award of revocation which the first cause is based and by which plaintiff seeks recovery of the sums paid as indemnification. Defendant does not oppose plaintiff’s motion save by cross motion for judgment on the pleadings dismissing the complaint for insufficiency. While plaintiff has, by the supporting affidavits and documents, made out a prima facie case for judgment, yet, for purposes at least of defendant’s motion for judgment.,on the pleadings, the complaint must be considered upon its allegations only. In the first cause reference is made to the law which makes it obligatory on plaintiff to pay certain damages to Nazi victims. The law contains, among others, the following provisions:
“ Section 7.
“ (1) The claim for indemnification may be denied in whole or part, if the claimant, in order to obtain indemnification, utilizes improper means, makes, causes to be made, or permits to be made, intentionally or through gross negligence, false or misleading statements concerning the basis for or amount of the damage;
“ (2) The claim for indemnification may be denied in whole or part, if, after determination, it turns out that one of the reasons for denial enumerated in subpara. (1) is present, or if the award is based on false statements of the claimant in respect to the facts;
“ (3) The return of performances already rendered may be demanded.”
It is further alleged that the defendant did make a claim for indemnification and submitted proofs in support thereof upon the basis of which the claim was allowed by two awards dated, respectively, April 30, 1957 and November 7, 1957, resulting in a payment of $9,646.95. Proof of fraud was thereafter received. An award was then rendered revoking the prior awards, denying the defendant’s claim for indemnification and providing that “ The claimant is obligated to repay the compensation paid to him.” It is a fact that plaintiff has failed to set out in the complaint the provisions of the law as fully as they have been set out in the moving papers and brief.
Defendant urges that the complaint is defective for failure of allegations that plaintiff obtained a judgment against the *770 defendant as defined in the Civil Practice Act, or for lack of jurisdiction of the foreign tribunal over the defendant. However, we are not here concerned with a statutory award under the Civil Practice Act. Jurisdiction arises upon defendant’s application to the indemnification tribunal for indemnity. Thereupon, he invited the subsequent proceedings by which the initial awards were vacated. The revocation award was made pursuant to that portion of the statute quoted in the complaint and deemed for the purpose of these motions to be true. An action upon a common-law award will lie in this jurisdiction. While the award here is statutory, it is not made under a general act affecting arbitrations.
No impediment is shown to the enforcement of the award here. Since the defendant’s cross motion is directed to the entire complaint and the first cause is sufficient and also suffices to support the application for summary judgment, defendant’s motion is denied and plaintiff’s motion for summary judgment is granted.